## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br><br>    v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO.,<br><br>    Defendants. | Civil Action No. 04 C 6592<br><br>Judge William J. Hibbler<br><br>Magistrate Judge Martin C. Ashman |

## MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND CERTIFICATION OF THE COURT'S MARCH 24, 2006 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)

**Dated:** April 24, 2006

Adam J. Levitt
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLC**
55 West Monroe Street, Suite 1111
Chicago, Illinois 60603
Tel: (312) 984-0000
Fax: (312) 984-0001
email: levitt@whafh.com

Jeffrey G. Smith
Demet Basar
Aya Bouchedid
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
email: basar@whafh.com

*Lead Counsel for Plaintiff and the Proposed Class*

## TABLE OF CONTENTS

Page No.

PRELIMINARY STATEMENT .......................................................................... 1

ARGUMENT ..................................................................................................... 2

I. DEFENDANTS CANNOT SATISFY THE STRINGENT STANDARDS
FOR PREVAILING ON RECONSIDERATION .............................................. 2

II. THE COURT'S RULING THAT THE PSLRA'S PARTICULARITY
REQUIREMENTS DO NOT APPLY TO SECTION 14(A) CLAIMS
THAT ARE NOT GROUNDED IN FRAUD IS ENTIRELY CORRECT ............ 4

III. EVEN IF THE PSLRA DID APPLY TO PLAINTIFF'S SECTION 14(A)
CLAIM, PLAINTIFF'S COMPLAINT IS SUFFICIENTLY
PARTICULARIZED TO SURVIVE A MOTION TO DISMISS ......................... 8

IV. DEFENDANTS' MOTION TO CERTIFY THE ISSUE OF MATERIALITY
FOR INTERLOCUTORY APPEAL SHOULD BE DENIED ............................ 11

    A. The Legal Standard For Allowing an Interlocutory Appeal ..................... 11

    B. Defendants Seek To Certify An Issue Not Addressed By The Court ....... 12

    C. Defendants Do Not Seek to Appeal A Controlling Question Of Law ...... 12

    D. The "Question Of Law" Does Not Involve a Contested Area of Law ...... 14

    E. An Immediate Appeal Would Only Delay This Litigation ....................... 15

CONCLUSION ................................................................................................. 15

## TABLE OF AUTHORITIES

**CASES**                                                                    **PAGE(S)**

*Able v. United States,*
    870 F. Supp. 468 (E.D.N.Y. 1994) ............................................................11, 12

*Ahrenholz v. Board of Trustees of the University of Illinois,*
    219 F.3d 674 (7th Cir. 2000) ............................................................11, 12, 13n

*Alameda Oil Co. v. Ideal Basic Industries, Inc.,*
    337 F. Supp. 194 (D. Colo. 1972)................................................................14

*Bank of Waunakee v. Rochester Cheese Sales, Inc.,*
    906 F.2d 1185 (7th Cir. 1990) .......................................................................3

*Beaumont v. American Can Co.,*
    797 F.2d 79 (2d Cir. 1986)...............................................................14n, 15n

*Bond Opportunity Fund v. Unilab Corp.,*
    No. 99-11074,
    2003 U.S. Dist. LEXIS 7838 (S.D.N.Y. May 9, 2003)..................................8, 9

*Evergreen Fund, Ltd. v. McCoy,*
    No. 00-767,
    2000 U.S. Dist. LEXIS 16876 (N.D. Ill. Nov. 1, 2000)................................5, 6

*Fison Limited. v. United States,*
    458 F.2d 1241 (7th Cir. 1972) ....................................................................11

*Giarraputo v. Unumprovident Corp.,*
    No. 99-301,
    2000 U.S. Dist. LEXIS 19138 (D. Me. Nov. 8, 2000)....................................7n

*Gierum v. Kontrick.,*
    No. 01-4370,
    2002 U.S. Dist. LEXIS 25018 (N.D. Ill. Feb. 14, 2002) ...............................13n

*Herdrich v. Pegram,*
    154 F.3d 362 (7th Cir. 1998) ......................................................................11

*Holden Metal v. Wismarq,*
    No. 00-191,
    2004 U.S. Dist. LEXIS 12164 (N.D. Ill. July 1, 2004)................................2, 3

*Hollinger International, Inc. v. Hollinger, Inc.,*
    No. 04-0698,
    2005 U.S. Dist. LEXIS 4511 (N.D. Ill. Feb. 3, 2005) ...............................11, 14

*Illinois C. G. R. Co. v Tabor Grain Co.,*
    488 F. Supp. 110 (N.D. Ill. 1980) ........................................................................3

*JamSports Entertainment, LLC v. Paradama Productions Inc.,*
    No. 02-2298,
    2004 U.S. Dist. LEXIS 25601 (N.D. Ill. Dec. 20, 2004) ...................................15

*Johns Hopkins University v. Hutton,*
    422 F.2d 1124 (4th Cir. 1970) ...........................................................................13

*Kennedy v. Venrock Associates,*
    348 F.3d 584 (7th Cir. 2003) ......................................................................4, 5, 6

*Kolupa v. Roselle Park District,*
    438 F.3d 713 (7th Cir.) ........................................................................................6n

*Levitan v. McCoy,*
    No. 00-5096,
    2001 U.S. Dist. LEXIS 15334 (N.D. Ill. Sept. 20, 2001) ...............................5, 6

*Maljack Products Inc. v. Survival  Anglia Ltd.,*
    No. 97-789,
    1999 U.S. Dist. LEXIS 4094 (N.D. Ill. Mar. 24, 1999)....................................15

*Makor Issues & Rights, Ltd. v. Tellabs, Inc.,*
    437 F.3d 588 (7th Cir. 2006) .......................................................5, 7n, 9, 10

*Neal v. Honeywell, Inc.,*
    No. 93-1143,
    1996 U.S. Dist. LEXIS 15954 (N.D. Ill. Oct. 25, 1996)....................................3n

*Neal v. Newspaper Holdings, Inc.,*
    349 F.3d 363 (7th Cir. 2003) ..............................................................................3

*Paschall v. Kansas City Star Co.,*
    605 F.2d 403 (8th Cir. 1979) ............................................................................12

*Quaker Alloy Casting Co. v. Gulfco Industries, Inc.,*
    123 F.R.D. 282 (N.D. Ill. 1988)..........................................................................3

*SEC v. Buntrock,*
No. 02-2180,
2003 U.S. Dist. LEXIS 1636 (N.D. Ill. Feb. 3, 2003) ....................................15n

*SEC v. Shapiro,*
494 F.2d 1301 (2d Cir. 1974)..........................................................................14

*Settino v. Chicago,*
642 F. Supp. 755 (N.D. Ill. 1986) ....................................................................3

*Seven-Up Co. v. O-So Grape Co.,*
179 F. Supp. 167 (S.D. Ill. 1959)...................................................................14n

*South Bend v. Fleming,*
397 N.E.2d 1075 (Ind. Ct. App. 1979)..............................................................7

*TSC Industries, Inc. v. Northway, Inc.,*
426 U.S. 438 (1976)...................................................................................13, 14

*In re Textainer Partnership Securities Litigation,*
No. 05-0969,
2005 U.S. Dist. LEXIS 40974 (N.D. Cal. Dec. 12, 2005).............................6, 7

*Wilson v. Great American Industries, Inc.,*
855 F.2d 987 (2d Cir. 1988)............................................................................11

**STATUTES AND RULES**

28 U.S.C. § 1292(b) .................................................................................. *passim*

Fed. R. Civ. Pro. 8(a) ..................................................................................4, 6n

Fed. R. Civ. Pro. 9(b) ................................................................................ *passim*

Fed. R. Civ. Pro. 59(e) ....................................................................................3n

PSLRA
15 U.S.C. §§ 78u.................................................................................... *passim*

Securities Exchange Act of 1933
Section 11......................................................................................................5

Securities Exchange Act of 1934
Section 10(b)...............................................................................................7, 9
Section 14(a) ........................................................................................ *passim*
Section 20(a) .................................................................................................1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| DR. STEPHEN BLAU, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>WILLIAM B. HARRISON, JR., HANS W. BECHERER, RILEY P. BECHTEL, FRANK A. BENNACK, JR., JOHN H. BIGGS, LAWRENCE A. BOSSIDY, M. ANTHONY BURNS, ELLEN V. FUTTER, WILLIAM H. GRAY, III, HELENE L. KAPLAN, LEE R. RAYMOND, JOHN R. STAFFORD, and J.P. MORGAN CHASE & CO.,<br><br>Defendants. | Civil Action No. 04 C 6592<br><br>Judge William J. Hibbler<br><br>Magistrate Judge Martin C. Ashman |

**MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION AND CERTIFICATION OF THE COURT'S MARCH 24, 2006 ORDER FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b)**

Lead Plaintiff Dr. Stephen Blau, individually and on behalf of all other persons similarly situated, respectfully submits this memorandum of law in opposition to defendants' motion for reconsideration of this Court's Memorandum Opinion and Order dated March 24, 2006 ("Opinion") denying in part defendants' motion to dismiss plaintiffs' claims under section 14(a) and 20(a) of the Securities Exchange Act of 1934, and for interlocutory appeal pursuant to 28 U.S.C. § 1292(b) from the Court's ruling therein that the section 14(a) claim could not be dismissed for lack of materiality.

**PRELIMINARY STATEMENT**

Far from the manifest errors of law or fact that must be present before a Court is asked to reverse itself, defendants here offer nothing more than a repackaged version of

arguments they already made – and lost – before this Court. Their argument that the pleading requirements of the Private Securities Litigation and Reform Act ("PSLRA") apply to plaintiff's claim under section 14(a) of the Exchange Act, which they do not dispute is grounded in negligence, is contrary to the law of this Circuit and this District. Their further argument that plaintiff's allegations do not meet the particularity requirements of the PSLRA – which is not even properly before the Court because the Court did not explicitly rule on the issue – is belied by plaintiff's carefully delineated pleadings, which are well-substantiated, among other things, by press reports from the most respected newspapers in the world. Relying on advisors and others involved in the negotiations leading up to the merger between J.P. Morgan Chase & Co. ("J.P. Morgan") and Bank One Corporation ("Bank One"), these newspapers, which require two or more independent confirmations before they will print a story, uniformly reported that William B. Harrison ("Harrison"), the CEO of J.P. Morgan, rejected a no-premium offer from James Dimon ("Dimon"), the CEO of Bank One, solely to perpetuate himself in office at a cost of the $7 billion premium paid by J.P. Morgan shareholders – a manifestly material fact that was nowhere disclosed in the proxy statement. For the reasons set forth below, this Court should deny defendants' reconsideration motion and their equally baseless motion to certify for interlocutory appeal the Court's patently correct ruling on materiality.

## ARGUMENT

### I. DEFENDANTS CANNOT SATISFY THE STRINGENT STANDARDS FOR PREVAILING ON RECONSIDERATION

"Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Holden Metal v. Wismarq*, No.

2

00-191, 2004 U.S. Dist. LEXIS 12164, at *1 (N.D. Ill. July 1, 2004) (quoting *Caisee Nationale de Credit Agricole v. CBI Indus., Inc.* 90 F.3d 1264, 1269 (7th Cir. 1996)). A motion for reconsideration will be granted only when a court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990) (citation omitted).[1] As the Seventh Circuit has counseled, "[s]uch problems rarely arise and the motion to reconsider should be equally rare." *Id.* at 1191.

The "Court's opinions are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.* 123 F.R.D. 282, 288 (N.D. Ill. 1988). Accordingly, a motion to reconsider will not be granted where "counsel's memorandum has simply rehashed the same arguments advanced in the original briefing and found inadequate by the Court." *Settino v. Chicago,* 642 F. Supp. 755, 760 (N.D. Ill. 1986); *Neal v. Newspaper Holdings, Inc.,* 349 F.3d 363, 368 (7th Cir. 2003); *Illinois C. G. R. Co. v Tabor Grain Co.,* 488 F. Supp. 110, 122 (N.D. Ill. 1980).

---

[1] In this District, a motion to reconsider an interlocutory order is reviewed under the same standard as a motion to alter or amend a judgment under Fed. R. Civ. Pro. 59(e). *Neal v. Honeywell, Inc.,* No. 93-1143, 1996 U.S. Dist. LEXIS 15954, at *5 (N.D. Ill. Oct. 25, 1996).

3

**II.    THE COURT'S RULING THAT THE PSLRA'S PARTICULARITY REQUIREMENTS DO NOT APPLY TO SECTION 14(a) CLAIMS THAT ARE NOT GROUNDED IN FRAUD IS ENTIRELY CORRECT**

Defendants' argument – based entirely on non-binding cases from other jurisdictions – that the heightened pleading requirements of the PSLRA apply to plaintiff's section 14(a) claim remains just as infirm as when defendants first made it in their motion to dismiss papers.[2] As this Court correctly held, because plaintiff's section 14(a) claim is grounded in negligence, and not fraud, the reasoning of *Kennedy v. Venrock Associates*, 348 F.3d 584 (7th Cir. 2003) – which post dates the PSLRA and *is* controlling authority – compels the conclusion that plaintiff's allegations are subject only to the notice pleading requirements of Fed. R. Civ. Pro. 8(a). Opinion at 10. Defendants cite no controlling authority to the contrary, let alone controlling authority that is an intervening change in the law such that failure to apply it would result in manifest injustice, as required for prevailing on reconsideration.

Significantly, defendants apparently have thought better of their prior position that the allegations of the Complaint sound in fraud and are subject to the pleading requirements of Fed. R. Civ. Pro. 9(b), because they do not argue for dismissal on those grounds on this motion. *Cf.* Def. Mem. at 2, 7 n.7 *with* Defendants' Memorandum in Support of Motion for Reconsideration and Certification ("Recon. Mem.") at 1. Defendants' admission that Rule 9(b), which requires that fraud be pled with particularity, is inapplicable is tantamount to an admission that the PSLRA's heightened pleading requirements under 15 U.S.C. § 78u-4(b) do not apply to the omission at issue

---

[2] *See* Defendants' Opening Motion to Dismiss Memorandum ("Def. Mem.") at 7-8, 10-11; and Defendants' Reply Memorandum ("Reply") at 6-8.

4

here because the PSLRA's pleading requirements, like Rule 9(b), apply only to allegations of fraud. *See Makor Issues & Rights, Ltd. v. Tellabs, Inc.*, 437 F.3d 588, 594 (7th Cir. 2006). Simply put, if, as is the case here, no fraud is alleged, the heightened pleading requirements of Rule 9(b) and the PSLRA do not come into play.

Indeed, this is the law of this Circuit and this District. As this Court noted in its Opinion, in *Kennedy*, the Seventh Circuit definitively held that a section 14(a) claim grounded in negligence is not subject to the heightened pleading requirements of Rule 9(b). Opinion at 10 (citing *Kennedy*, 348 F.3d at 593). The relevant inquiry in this Circuit is whether "in charging that the proxy statement contained material omissions and misstatements, are the plaintiffs charging fraud, and fraud alone? For if not, Rule 9(b) falls out of the picture." *Id.* By the same token, the PSLRA's particularity requirements fall out of the picture. Indeed, that is precisely what Judge Andersen of this District ruled in *Evergreen Fund, Ltd. v. McCoy*, No. 00-767, 2000 U.S. Dist. LEXIS 16876, at *23 (N.D. Ill. Nov. 1, 2000), which squarely held that because plaintiffs' allegations did not sound in fraud, plaintiff's section 14(a) claim was not subject to the heightened pleading requirements of the PSLRA.[3] Analogizing to section 11 of the Securities Act of 1933, which similarly does not require a showing of fraud, Judge Andersen agreed with courts holding that facts underlying non-fraud-based section 11 claims need not be particularized. *Id.*, at *14 (citing *In re Nations Mart Corp. Sec. Litig.*, 130 F.3d 309, 315 (8th Cir. 1998)). In *Levitan v. McCoy*, No. 00-5096, 2001 U.S. Dist. LEXIS 15334, at

---

[3] Cases from other jurisdictions similarly hold that liability under section 14(a) can be imposed *solely* on the basis of allegations that defendants negligently drafted a proxy statement. *See* cases cited in Plaintiff's Opposition to Defendants' Motion to Dismiss ("Pl. Opp.") at 10-11.

\*\*9-10 (N.D. Ill. Sept. 20, 2001), Judge Coar, finding Judge Andersen's analysis in *Evergreen Fund* "particularly persuasive" (*id.,* at \*10 n.1), similarly held that Rule 9(b) did not apply to plaintiff's claims under sections 11 and 12(a)(2).[4] This Court's conclusion that Rule 8(a)[5] is the correct pleading standard is unassailable.

Defendants nonetheless ask this Court to take the extraordinary step of reversing itself, arguing that *Kennedy* and the other cases on which the Court relied in its Opinion did not explicitly hold that material omissions in negligence-based section 14(a) cases need not meet the particularity requirement in § 78u-4(b)(1). This facile argument fails because a ruling that heightened pleading requirements does not apply to negligence-based claims – as in *Kennedy* and *Evergreen Fund* – necessarily encompasses *all* of the particularization requirements for pleading fraud – the "who, what, where, why and how" and scienter – which, in the case of the PSLRA, are codified in § 78u-4(b)(1) (particularity as to misstatements and omissions) and § 78u-4(b)(2) (particularity as to state of mind). Thus, defendants' attempt to "divide and conquer" by bifurcating the inquiry on what needs to be alleged in a fraud-based versus a negligence-based section 14(a) claim is clearly without merit.

The only authority defendants offer in support of their argument that the Complaint must satisfy the PSLRA's pleading requirements are two California cases – *In*

---

[4] Judge Coar noted that while the decisions of district courts in this Circuit are not controlling, a district court may consider the "intrinsic persuasiveness" of an opinion issued by a fellow district court. 2001 U.S. Dist. LEXIS 15334, at \*10 n.1 (citing *Colby v. J.C. Penn Co., Inc.,* 811 F.2d 1119, 1124 (7th Cir. 1987)).

[5] In *Kolupa v. Roselle Park District,* 438 F.3d 713, 714 (7th Cir. 2006), the Seventh Circuit recently held that, in order to satisfy Rule 8(a), "it is enough to name the plaintiff and the defendant, state the nature of the grievance, and give a few tidbits (such as the date) that will let the defendant investigate."

6

*re Textainer P'ship Sec. Litig.*, No. 05-0969, 2005 U.S. Dist. LEXIS 40974 (N.D. Cal. Dec. 12, 2005) and *Knollenberg v. Harmonic Inc.*, 152 Fed. Appx. 674 (9th Cir. 2005) – neither of which is binding on this Court. *Textainer* held that the PSLRA's particularization requirement applies to pleading negligent omissions,[6] 2005 U.S. Dist. LEXIS 40794, at *16, without considering whether it applies to pleading state of mind, and without any analysis of the relationship between Rule 9(b)'s and the PSLRA's heightened pleading requirements. Similarly, *Knollenberg* held that a section 14(a) plaintiff must plead facts that give rise to a "strong inference of negligence," 152 Fed. Appx. at 683, without considering that negligence, unlike scienter, is an objective standard of behavior. *South Bend v. Fleming*, 397 N.E.2d 1075 (Ind. Ct. App. 1979) ("Negligence has nothing to do with the actor's state of mind, W. Prosser, The Law of Torts, 30 (3rd Ed. 1964). Rather, it is the actor's breach of a duty owed and the resulting damages which define this tort.") (citing *Miller v. Griesel,* 308 N.E.2d 701 (Ind. 1974.)) Moreover, in *Knollenberg,* a fraud-based claim under section 10(b) was also part of the section 14(a) claim. *Id.* at 679-81, 683. Plaintiff respectfully submits that the correct rule of law is the one adopted by this Circuit[7] and which is controlling here – that pleading

---

[6] Defendants' claim that courts "uniformly" hold that the particularity requirement in § 78u-4(b)(1) applies to all section 14(a) claims is incorrect. All but one of the seven cases they cite for this proposition (Recon. Mem. at 4 n.1) are section 14(a) cases that sound in *fraud*, which plainly are subject to § 78u-4(b). *Giarraputo v. Unumprovident Corp.*, No. 99-301, 2000 U.S. Dist. LEXIS 19138 (D. Me. Nov. 8, 2000), which appears to involve a negligence-based claim, like *Textainer*, did not explain how the pleading requirements of the PSLRA, which it acknowledged were akin to the heightened specificity mandated by Rule 9(b) for fraud claims, nonetheless could apply to non-fraud based claims.

[7] It is worth noting that in *Tellabs*, the Seventh Circuit disagreed with the Ninth Circuit – which decided *Knollenberg* and sits above the California District Court that decided *Textainer* – which the PSLRA raised the substantive bar for pleading scienter. 437 F.3d at 600.

7

requirements for fraud are not at all applicable to section 14(a) claims alleging only negligence.

### III. EVEN IF THE PSLRA DID APPLY TO PLAINTIFF'S SECTION 14(a) CLAIM, PLAINTIFF'S COMPLAINT IS SUFFICIENTLY PARTICULARIZED TO SURVIVE A MOTION TO DISMISS

Even if this Court were to find that the heightened pleading requirements of the PSLRA applied here, and it should not, the Complaint is sufficiently particularized – both as to the material omissions in the proxy statement, and as to defendants' negligence – to withstand a motion to dismiss.

Initially, defendants' claim that the Court's ruling that the specificity requirements of the PSLRA do not apply to plaintiff's allegations is outcome determinative (Recon. Mem. at 5) is simply incorrect. Nowhere in the Opinion did the Court rule that plaintiff's allegations did not meet the pleading requirements of the PSLRA. Indeed, the Court's recounting of the detailed allegations of the Complaint suggests that it would have found the allegations sufficiently particularized even if it had ruled that the PSLRA applied. Opinion at 3-6.

Defendants also create the misleading impression that a plaintiff is required to detail every single fact in support of a section 14(a) claim to avoid dismissal, and fault the Court for "holding that plaintiff need not state with particularity *all* facts on which [his] belief that defendants' statements were misleading was formed." Recon. Mem. at 5 (internal quotations omitted; emphasis added). But the cases on which defendants rely unequivocally hold that "plaintiffs must plead with particularity only sufficient facts to support their beliefs, and not every fact necessary to prove their claim." *Bond Opportunity Fund v. Unilab Corp.*, No. 99-11074, 2003 U.S. Dist. LEXIS 7838, at *9

8

(S.D.N.Y. May 9, 2003) (citing *Novak v. Kasaks*, 216 F.3d 300, 313-14 (2d Cir. 2000). As the Seventh Circuit held in *Tellabs*, 437 F.3d at 595, requiring plaintiffs to plead all facts underlying a claim with "exactitude would render the statute meaningless".

Other than these "new" but baseless arguments, defendants simply rehash the arguments they made in their prior briefs. They repeat their groundless claim that the articles from the three reputable newspapers cited in the Complaint – which all recounted the same story of Harrison's rejection of Dimon's no premium offer – are an insufficient basis for pleading an actionable omission supposedly because plaintiff relies on "unidentified third part[ies]."[8] Recon. Mem. at 5. As plaintiff has previously pointed out, even section 10(b) fraud claims, as opposed to the non-fraud claim at issue here, that rely on confidential sources have been held to satisfy the PSLRA, and basing fraud claims on respected news sources such as the *The New York Times, The Wall Street Journal* and *The Financial Times,* as plaintiff does here, repeatedly has been found to be entirely proper. *See* Pl. Opp. at 16.

Defendants' reliance on *Tellabs* to argue to the contrary is misplaced. Initially, *Tellabs,* unlike this case, is a securities fraud case under section 10(b) of the Exchange Act that is indisputably subject to the heightened pleading requirements of the PSLRA and Rule 9(b). 437 F.3d at 594. Moreover, *Tellabs* involved 27 unidentified confidential sources who were completely inaccessible to defendants whereas, here, the sources are publicly available press reports. The press reports identified but did not name their

---

[8] Defendants do *not* dispute – nor can they – that the Complaint meets the PSLRA's particularity requirements in that it identifies the misleading statements in the proxy statement, as well as the omissions, and details why they are materially misleading.

sources, but their descriptions make clear that they are more than likely "to have access to, or knowledge of, the facts underlying the allegations" (*id.* at 596) – for example, an "advisor" to one of the companies as reported in *The Financial Times*, and individuals who were "close to the deal" or "familiar with the talks," as reported in *The New York Times* and *The Wall Street Journal*. This is more than enough to satisfy the standard set forth in *Tellabs* that the PLSRA's pleading requirements are met by particularized facts that support the "probability" that the source would possess the information alleged. Defendants' claim that confidential sources must be described with "exactitude" (Recon. Mem. at 6) is directly contrary to the Seventh Circuit's holding in *Tellabs* that a plaintiff need not set forth the "name, rank, and serial number" of unidentified sources in order to satisfy the PSLRA's pleading requirements. 437 F.3d at 596.

Defendants' argument that plaintiff failed to allege a strong inference of negligence is similarly unavailing. Defendants have abandoned all of their "state of mind" arguments save one – that the Complaint allegedly fails to adequately plead a strong inference of the *outside directors'* negligence.[9] Recon. Mem. at 8. Not a single one of the arguments defendants make on reconsideration as to the negligence of the outside directors differs in the least bit from the arguments they made twice before. For example, defendants continue to claim that plaintiff failed to allege the outside directors knew about the offer (*see* Def. Mem. at 17-18; Reply Mem. at 14-17), which they claim – with no citation to authority – is necessary to raise a strong inference of negligence. But knowledge is not necessary to establish negligence. A board's authorization of a proxy

---

[9] Thus, Defendants admit that the allegations against Harrison satisfy § 78u-4(b)(2).

10

statement containing materially false and misleading statements or omitting material facts is sufficient to satisfy the negligence standard of section 14(a). *Wilson v. Great Am. Indus., Inc.*, 855 F.2d 987, 995 (2d Cir. 1988). Moreover, the Complaint alleges facts from which a reasonable inference can be drawn that the outside directors knew or should have known about the offer, including that the Board received regular updates on the status of the negotiations. *See* Pl. Opp. at 10.

## IV. DEFENDANTS' MOTION TO CERTIFY THE ISSUE OF MATERIALITY FOR INTERLOCUTORY APPEAL SHOULD BE DENIED

### A. The Legal Standard For Allowing an Interlocutory Appeal

Interlocutory appeals are disfavored because they "frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram,* 154 F.3d 362, 368 (7th Cir. 1998). Certification under section 1292(b) remains the exception, not the rule and therefore "courts should only 'sparingly' grant permission." *Hollinger Int'l, Inc. v. Hollinger, Inc.*, No. 04-0698, 2005 U.S. Dist. LEXIS 4511, at *9 (N.D. Ill. Feb. 3, 2005).

The party seeking an interlocutory appeal has the burden of convincing the court that "exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Fison Ltd. v. United States,* 458 F.2d 1241, 1248 (7th Cir. 1972). Thus, the issue to be appealed "must be a question of *law,* it must be *controlling,* it must be *contestable,* and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Bd. Of Tr. of the Univ. of Ill.,* 219 F.3d 674, 675 (7th Cir. 2000)(emphasis in original). District courts must not certify interlocutory orders "unless all these criteria are satisfied." *Ahrenholz,* 219 F.3d at 676.

Moreover, courts "should not freely certify orders involving the sufficiency of

11

pleadings in part because '[i]nherent in the requirements of section 1292(b) [certification] is that the issue certified be ripe for judicial determination.'" *Able v. United States*, 870 F. Supp. 468, 471 (E.D.N.Y. 1994) (citing *Gottesman v. GM Corp.*, 268 F.2d 194, 196 (2d Cir. 1959). In other words, "[c]onsideration of the factual basis must be such that a sound premise exists upon which the legal issues can be determined with precision." *Paschall v. Kansas City Star Co.*, 605 F.2d 403, 406 (8th Cir. 1979).

## B.      Defendants Seek To Certify An Issue Not Addressed By The Court

Defendants' motion should be denied because the question they submit for certification was not addressed by this Court. Defendants request that this Court certify the question "if a proxy statement accurately describes the actual and only terms of the proposed merger, [...] the omission of interim negotiating stances (such as those which explore a higher or lower price) constitute a material omission..." Rec. Mem. at 9. But this Court did not hold that the omission of interim negotiating stances is material. In fact, the Court explicitly stated that it "is not necessary to disclose all factors in a negotiation." Opinion at 12. Rather, based on the allegations of the Complaint, the Court concluded that the "omission regarding an alleged no premium stock exchange is material." *Id.* That omission clearly relates to the terms of the merger, principally the exchange ratio itself. For this reason alone, the Court should deny defendants' section 1292(b) certification request *ab initio*.

## C.      Defendants Do Not Seek to Appeal A Controlling Question Of Law

The Seventh Circuit recently emphasized that in order to qualify as a "controlling question of law" under section 1292(b), the question has to relate to the "meaning of a

12

statutory or constitutional provision, regulation, or common law doctrine... ." *Ahrenholz*, 219 F.3d at 676.[10] In *Ahrenholz,* the Seventh Circuit held that interlocutory appeals should be reserved for "'pure' question[s] of law rather than merely to an issue that might be free from a factual contest." *Id.* at 677. Here, far from presenting a "pure" question of law, defendants ask this Court to certify as appealable the question of *materiality*, an issue that the Supreme Court has held is a "mixed question of fact and law." *TSC Indus., Inc. v. Northway, Inc.,* 426 U.S. 438, 449 (1976). Indeed, "[g]enerally the issue of materiality, resting as it does upon the reaction of a 'reasonable man,' cannot be decided by summary judgment." *Johns Hopkins Univ. v. Hutton*, 422 F.2d 1124, 1129 (4th Cir. 1970).

Nor is the purported question of law "controlling." Defendants incorrectly frame the question as one relating to the materiality of preliminary negotiations. Recon. Mem. at 10. In this case however, the omission relates to the most material term of the merger – the exchange ratio in a stock-for-stock merger – and is anything but a "preliminary" or otherwise immaterial point. Indeed, this Court correctly characterized the omission as one of an "alleged no premium stock exchange" and found it to be material. Opinion at 12. Therefore, even if the Seventh Circuit were to make a legal finding as to the materiality of omitting a negotiating position from a proxy statement, its finding would not be outcome determinative here, because the no premium offer – being directly linked to the exchange ratio – nonetheless could be material.

---

[10] In *Ahrenholz*, the Seventh circuit addressed the propriety of using § 1292(b) to appeal the denial of a motion for summary judgment. However, in *Gierum v. Kontrick,* No. 01-4370, 2002 U.S. Dist. LEXIS 25018, at *7 (N.D. Ill. Feb. 14, 2002), Judge Andersen of this district held that the Seventh Circuit's logic is equally applicable in the context of a motion to dismiss.

**D.**     <u>The "Question Of Law" Does Not Involve a Contested Area of Law</u>

In order to be appealable, there must be "substantial conflicting decisions regarding the claimed controlling issue." *Hollinger*, 2005 U.S. Dist. LEXIS 4511, at *11 (citation omitted). Therefore, the movant "may not prevail by simply showing a "lack of judicial precedent" or that the issue is one of "first impression,"[11] as defendants incorrectly argue. *Id.*, at *12. Here there are no substantial conflicting decisions because materiality depends on whether the "omitted fact would have assumed actual significance in the deliberations of the reasonable shareholder" (*TSC Indus*, 426 U.S. at 449) – a fact-intensive inquiry. *See SEC v. Shapiro*, 494 F.2d 1301, 1306 (2d Cir. 1974) (materiality must be determined on a "case-to-case basis according to the fact pattern of each specific transaction.").

In any event, cases that have addressed omissions similar to the rejected offer here confirm that this Court properly found the omission of the no premium stock exchange to be material.[12] *See Alameda Oil Co. v. Ideal Basic Indus., Inc.*, 337 F. Supp. 194 (D.

---

[11] Even if a question of "first impression" could be immediately appealable, defendants have failed to demonstrate that the materiality of an alleged no premium stock exchange is a contestable area of law. To find a substantial ground for difference of opinion, the Court must conclude there is a substantial likelihood appellant would prevail on appeal. *Seven-Up Co. v. O-So Grape Co.*, 179 F. Supp. 167, 172 (S.D. Ill. 1959). As explained above, because materiality is a fact-specific inquiry, defendants' chances on appeal – on the pleadings – are nearly non-existent. *See SEC v. Shapiro*, 494 F.2d at 1306.

[12] Defendants cite *Beaumont v. American Can Co.*, 797 F.2d 79 (2d Cir. 1986) as an example of how this Court's Opinion conflicts with those of other courts. They cite *Beaumont* for the proposition that only the actual terms of the merger need be disclosed to shareholders, "not the preliminary terms subsequently amended." Recon. Mem. at 11. Defendants conveniently fail to mention the essential other aspect of the court's ruling, which emphasized "accurately describ[ing] the only proposal then "on the table" for shareholder approval or disapproval. *Beaumont*, 797 F. 2d at 496. *Beaumont* found that the disclosures at issue there were adequate because the omission of the earlier proposal did not render false any of the material in the proxy. Here, the Complaint alleges precisely the opposite; namely that the information in the proxy is (continued...)

Colo. 1972) (In proposing a merger or sale, management must reveal any higher "firm offers" but not mere "feelers").

### E. An Immediate Appeal Would Only Delay This Litigation

Defendants' argument that without an immediate appeal, costs will be incurred because "an appeal focused on the same issue [will] be brought at a later date," Recon. Mem. at 14, is indefensible. That this issue is appealable after the entry of final judgment negates the need for an interlocutory appeal.[13] *JamSports Entm't LLC v. Paradama Prod. Inc.*, No. 02-2298, 2004 U.S. Dist. LEXIS 25601, at *14 (citing *Maljack Prod. Inc. v. Survival Anglia Ltd.*, No. 97-789, 1999 U.S. Dist. LEXIS 4094, at **11-12 (N.D. Ill. Mar. 24, 1999). In *Maljack*, the court noted that "all interlocutory appeals would arguably conserve judicial resources to some extent, but this reason alone is not sufficient to certify a question for interlocutory appeal." 1999 U.S. Dist. LEXIS, at **11-12.

### CONCLUSION

For all of the foregoing reasons, this Court should deny defendants' motion for reconsideration as well as their motion for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).

---

(...continued)

rendered misleading by the omission of the nexus between Harrison's position at the post-merger company and the 14 percent premium, which resulted from Harrison's rejection of Dimon's offer conditioned on his immediate appointment as CEO. Accordingly, this Court's opinion is not in conflict with *Beaumont*.

[13] Defendants purport to compare the question of the materiality of the omission at hand to that in *SEC v. Buntrock*, No. 02-2180, 2003 U.S. Dist. LEXIS 1636 (N.D. Ill. Feb. 3, 2003) where this Court certified for interlocutory appeal an order on subject matter jurisdiction. *See* Rec. Mem. at 14. Clearly, however, subject matter jurisdiction is a pure question of law and is such a threshold issue that its resolution literally determines whether or not a court can preside over the case.

15

Dated:  April 24, 2006

Respectfully submitted,

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLC**

By:    /s/  Adam J. Levitt

55 West Monroe Street, Suite 1111
Chicago, Illinois  60603
Tel:  (312) 984-0000
Fax:  (312) 984-0001
email:  levitt@whafh.com

**WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**
Jeffrey G. Smith
Demet Basar
Aya Bouchedid
270 Madison Avenue
New York, New York 10016
Tel: (212) 545-4600
Fax: (212) 545-4653
email:  basar@whafh.com

*Lead Counsel for Plaintiff
and the Proposed Class*

**LAW OFFICE OF MARC S.
HENZEL**
Marc S. Henzel
273 Montgomery Avenue, Suite 202
Bala Cynwyd, Pennsylvania 19004
Tel: (610) 660-8000
Fax: (610) 660-8080

*Additional Counsel for Plaintiffs
and the Proposed Class*

436106v7

16